IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Demitri Kardeem Scott*
Case No. 3:17-cr-00116-TMB-01

By:         THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:        ORDER FROM CHAMBERS

This matter comes before the Court on Defendant Demitri Scott's Motion to Correct Judgment Pursuant to Federal Rule of Criminal Procedure 36 (the "Motion").[1] The Government does not oppose the Motion.[2] For the reasons stated below, the Court **GRANTS** the Motion.

On October 2, 2018, the Court sentenced Scott to 78 months' imprisonment followed by a 3-year term of supervised release for Felon in Possession of a Firearm.[3] The Court stated that the sentence was "to be served concurrently with any sentence imposed in State of Alaska case 3AN-17-06914CR[;]"[4] the parties agreed that Scott's "pending charges with the State of Alaska" were relevant conduct and were cited in the presentence report to determine Scott's guideline sentencing range.[5] On April 22, 2019, Scott was sentenced to 8 years' imprisonment in his state case.[6]

Scott asks the Court to issue an order reducing his federal sentence to 66 months' imprisonment because "the Bureau of Prisons [BOP] will not adjust his sentence to give credit for the 12 months he served prior to the date of his federal sentencing."[7] Scott argues that he is entitled to this pretrial credit under the sentencing guidelines, which "direct[] a sentencing court to reduce a sentence for

---

[1] Dkt. 67 (Unopposed Motion to Correct Judgment).
[2] *Id.* at 1.
[3] Dkt. 40 (Judgment); *see also* 18 U.S.C. §§ 922(g), 924(a)(2).
[4] Scott was charged with several state crimes based on the conduct underlying his federal offense, including Robbery, Misconduct Involving Weapons, Theft, Criminal Mischief, and Criminal Trespass. Dkt. 42 at 13–14. Scott ultimately pled guilty to Robbery in the First Degree. *See* ALASKA STAT. § 11.41.500(a)(1).
[5] Dkt. 42 at 3 (Revised Presentence Investigation Report).
[6] Dkt. 67-2 at 3, 7 (Alaska Judgment and Order of Commitment).
[7] Dkt. 67 at 2. Scott explains that the BOP has awarded only two days' credit for pretrial incarceration he served prior to the date of his federal sentencing. *Id.* at 3. Although the BOP may award credit for time served prior to imposition of sentence, it will not award credit against a federal sentence for any pretrial incarceration that has already been credited against another sentence. *See* 18 U.S.C. § 3585(b)(2). Here, Scott's approximately 12-month period of pretrial incarceration was credited against his state sentence; as a result, BOP has not applied that same credit against his federal sentence. Dkts. 67 at 5; 67-1 at 3 (Public Information Inmate Data).

1

time served in connection with an undischarged state offense that is relevant conduct when 'such period of imprisonment will not be credited to the federal sentence by the [BOP].'"[8]

Federal Rule of Criminal Procedure ("Rule") 36 permits a district court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The scope of clerical errors subject to correction pursuant to Rule 36 is defined—at least in part—by reference to Rule 60 of the Federal Rules of Civil Procedure.[9] Under the civil rule, "[t]he basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind*."[10]

After considering the Motion and the record, the Court **GRANTS** the Motion at Docket 67 to correct "an error in the record arising from oversight or omission."[11] The Court intended Scott's sentence to be served concurrently with his state sentence. Since the BOP will not award credit for Scott's pretrial incarceration—a fact the parties acknowledge they did not realize at the time of sentencing due to oversight or omission[12]—the current sentence does not reflect the Court's intention. Scott's sentence is therefore adjusted to a term of 66 months' incarceration. Doing so will "conform the sentence to the term[s] which the record indicates was intended" and is, therefore, proper under Rule 36.[13]

The Court directs the United States Probation Office to prepare an amended judgment consistent with this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 8, 2022.

---

[8] Dkt. 67 at 2; U.S.S.G. § 5G1.3(b)(2).
[9] *See* Fed. R. Crim. P. 36 advisory committee's note to 1944 adoption ("The rule is similar to rule 60(a) of the Federal Rules of Civil Procedure."); *United States v. Kaye*, 739 F.2d 488, 491 (9th Cir. 1984) ("The Advisory Committee note to Rule 36 also leads us to the abundant case authority under Rule 60(a) of the Federal Rules of Civil Procedure.").
[10] *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (alteration in original) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)).
[11] Fed. R. Crim. P. 36.
[12] Dkt. 67 at 6.
[13] *Kaye*, 739 F.2d at 490.

2